Robert L. Epstein (RE 8941)
Jason M. Drangel (JMD 7240)
William C. Wright (WW 2213)
Brian O'Reilly (BO 1529)
EPSTEIN DRANGEL LLP
60 E. 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292 5390
Facsimile: (212) 292 5391

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | | |
|---|---|---|
| MONSTER PATENTS, LLC, | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 1:16-cv-1956 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **COMPLAINT FOR PATENT INFRINGEMENT;** |
| COMQI INC. | ) | |
| | ) | |
| Defendant | ) | **DEMAND FOR JURY TRIAL** |

-----------------------------------------------------X

Plaintiff Monster Patents, LLC ("Monster"), for its complaint against Defendant Comqi Inc.

("Comqi"), alleges as follows:

## THE PARTIES

1. Plaintiff Monster is a Limited Liability Company duly organized pursuant to the laws of

   the State of Florida, having its principal place of business at 555 S. Lake Destiny Drive,

   Orlando, FL 32810.

2.  Upon information and belief, Defendant Comqi is a  New York corporation, having a regular and established place of business at 134 West 26th St., Suite 900. New York, NY 10001.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 281 through 285.

4.  This Court has jurisdiction over the subject matter of this action with regard to the patent infringement claims under 28 U.S.C. §1338(a) and §1332(a).

5.  On information and belief, Defendant Comqi transacts business within the state of New York or contracts elsewhere to supply services in the state of New York.

6.  On information and belief, Defendant Comqi has committed tortious acts causing injury to Plaintiff Monster within the state of New York.

7.  On information and belief, Defendant Comqi has committed acts outside the state of New York, causing injury to the Plaintiff Monster within the state of New York.

8.  On information and belief, Defendant Comqi regularly does or solicits business, or engages in other persistent conduct, and derives substantial revenue from services rendered within the state of New York.

9.  On information and belief, Defendant Comqi expected or should reasonably have expected its acts committed outside the State of New York to have consequences in the state of New York and derives substantial revenue from interstate or international commerce.

10. On information and belief, Plaintiff Monster and Defendant Comqi are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. Venue is proper before this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

12. Plaintiff Monster is a subsidiary of Monster Vision, dba Monster Media, an international, full-service media company specializing in digital and interactive activations, including digital out-of-home (DOOH) advertising, delivering dynamic and impactful interactive media across a wide variety of platforms.

13. On information and belief, Defendant Comqi is a global leader providing technology that influences consumers at the point of decision in-store, using all digital touch-points: digital signage, mobile, video, touch, web, and social networks. According to its corporate website, Comqi delivers end-to-end solutions tailored to engage consumers by optimizing communications and marketing strategies that deliver the right content to the right place at the right time to the right audience, in order to stimulate a change in the consumer's behavior. Comqi further states that they "believe that digital signage has become part of a larger eco-system that links to mobile, social and local channels which put the consumer at the center of the experience, allowing our clients to continue their conversations with the customer through their journey through the venue – be it a retail store, fast food restaurant, healthcare facility, entertainment venue or office." ComQi's hundreds of customers include leading brands around the world, such as Gap, Victoria's Secret, Bath and Body Works, H&M/Weekday, Six Flags, and McDonald's.

14. Defendant Comqi promotes its software and services within the state of New York and within this judicial district, including through its web site www.comqi.com.

15. As part of the promotion and advertising of Defendant Comqi's software and services through its web site, Defendant Comqi issued a press release on June 16th 2015, Titled " ComQi EnGage Connects Chicago Shoppers To Global Yoga Celebration - Active Wear Retailer Taps Into Shopper Social Media To Join In On International Yoga Day." The press release states: "ComQi's shopper engagement technology tapped into social media to connect a major active wear retailer's customers with a global celebration of yoga this past weekend. Shoppers at the downtown flagship of the national retailer were asked to post messages and images during Sunday's International Yoga Day using their hashtag. Curated Tweets and Instagram posts were then displayed on ComQi-powered screens in the store through the day."

16. On information and belief, Defendant Comqi displayed, sold and promoted its technologies at the National Retail Federation (NRF) trade show in New York in January 2014 (See **Exhibit A**) including its social media applications. At least one such example was the solution sold to the Boloco Restaurant chain in Massachusetts which displays social media from Twitter and Instagram on screens in the restaurant.

17. On information and belief, Defendant Comqi supplied its technology platform to The American Museum of Natural History at Central Park West & 79th St, New York, NY 10024.

## CAUSE OF ACTION FOR INFRINGEMENT OF U.S. PATENT NO. 8,615,565

18. Plaintiff Monster repeats and realleges the allegations contained in paragraphs 1 through 17 above, as if fully repeated and restated herein.

19. On or about December 24, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,615,565 (the "´565 Patent") for inventions relating to a system and method for automatically obtaining contents and displaying same on location-specific screens, based upon content attributes associated with the display screens.

20. A true copy of the ´565 Patent is attached hereto as **Exhibit "B"**.

21. The ´565 Patent is and remains valid and enforceable.

22. At all relevant times, Plaintiff Monster has been the lawful owner of the ´565 Patent, and has had the right to sue and to recover for any and all infringement(s) of the ´565 Patent.

23. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is directly infringing the ´565 Patent within the United States, within the state of New York and within this judicial district, including without limitation through the design, creation, demonstration, use, licensing and technical support of a technology platform which controls an interactive system for displaying contents on a geographic location-specific display screen, through practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, or by instructing and providing technical support services to others to practice such method or a part thereof using the Comqi technology platform, or by forming a joint enterprise with others to perform such method or a part thereof using the Comqi technology platform, and by providing instructions and technical support services which infringe the ´565 Patent.

24. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is indirectly infringing the

´565 Patent by active inducement within the United States, within the state of New York and within this judicial district, including without limitation through Defendant Comqi's intent to induce patent infringement by licensees and users of the infringing Comqi technology platform and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.

25. Upon information and belief, Defendant Comqi specifically intended and was aware that the normal and customary use of the Comqi technology platform would infringe the '565 Patent, Defendant Comqi performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '565 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

26. Upon information and belief, Defendant Comqi provides and has provided the Comqi technology platform that has the capability of being utilized in a manner that infringes one or more claims of the '565 patent, including at least claims 1 and 30, and Defendant Comqi further provides and has provided instructions and technical support services that cause licensees and users of the Comqi technology platform to utilize the Comqi technology platform in a manner that directly infringes one or more claims of the '565 patent. By providing such instruction and technical support services to licensees and users on how to use Comqi technology platform in a manner that directly infringes one or more claims of the '565 Patent, including at least Claims 1 and 30, Defendant Comqi specifically intended to induce infringement of the '565 patent.

27. Accordingly, Defendant Comqi has induced and continues to induce licensees and users of the Comqi technology platform to use the Comqi technology platform in their ordinary and

customary way to infringe the '565 patent, knowing that such use constitutes infringement of the '565 patent.

28. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is indirectly infringing by contributory infringement the ´565 Patent, including without limitation through the demonstration, licensing or use of the Comqi technology platform within the United States and within this judicial district as a component of a patented system for use in practicing the patented method, the Comqi technology platform constituting a material part of the patented invention, knowing the Comqi technology platform to be especially made or especially adapted for use in an infringement of the ´565 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

29. Upon information and belief, Comqi technology platform is a real-time hosted social content aggregation, activation, and visualization technology platform, bringing together social media and content streams from around the Internet and various social media sources.

30. Upon information and belief, Defendant's Comqi technology platform is capable of aggregating social content from multiple social network sources including Twitter, Instagram and others.

31. Upon information and belief, Defendant's Comqi technology platform allows the aforementioned content streams to be moderated, curated, analyzed, and then displayed in venues having digital display screens.

32. Upon information and belief, the features of Defendant's Comqi technology platform include apps for mobile devices with customizable software for content that can be displayed on digital screens.

33. Upon information and belief, subsequent to the issuance of the ´565 Patent, Defendant Comqi has promoted and is promoting its technology throughout the United States utilizing its Comqi technology platform, those promotions being associated with numerous events, in public places, retail stores, digital out of home trade shows and other venues, which have infringed and are infringing the ´565 Patent.

34. Upon information and belief, subsequent to the issuance of the ´565 Patent, Defendant Comqi has participated and is participating in trade shows within the state of New York and within this judicial district which utilize a system and method based upon its Comqi technology platform, which have infringed and are infringing the ´565 Patent.

35. Upon information and belief, in the aforementioned promotions in which Defendant Comqi participated and is participating in, the infringing technology platform and method provided by Defendant Comqi did or does cause or provide content for the display of images on a display screen which has been and is located within the state of New York and within this judicial district.

36. Upon information and belief, in the aforementioned promotions in which Defendant Comqi participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does automatically receive content including text and/or images from social network and/or other sources, at least one of such received content containing a content attribute

identifying a display screen which was and is located within the state of New York and within this judicial district.

37. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does associate the received location identifying content attribute with a display screen which was and is located within the state of New York and within this judicial district.

38. Upon information and belief, in the aforementioned advertising campaigns in which Defendant Comqi has participated or is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does automatically search data streams from external sources to identify contents based upon the received content attribute associated with a display screen which was and is located within the state of New York and within this judicial district.

39. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does automatically retrieve at least one of the identified contents.

40. Upon information and belief, in the aforementioned advertising campaigns in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does cause a display screen which was and is located within the state of New York and within this judicial district to display the retrieved identified contents.

41. On or about September 2nd 2015, Plaintiff Monster informed Mr. Ifti Ifhar, CEO, and Defendant Comqi, by way of a written communication, of the ´565 Patent and the infringement thereof by Defendant Comqi, suggesting that Defendant Comqi consider taking a license under the ´565 Patent; however, Defendant Comqi has thus far not responded to Monster's written communication, or to a follow-up written communication sent on October 8th 2015, and has refused to cease its infringing activities.

42. Upon information and belief, Plaintiff Monster has been and is being damaged by the infringing activities of Defendant Comqi and Defendant Comqi is liable for such damages, in an amount to be determined, but not less than a reasonable royalty of at least $55,000 per market category, for at least three market categories, for a total of up to $165,000.

43. The wrongful acts of Defendant Comqi have damaged and will continue to damage Plaintiff Monster, irreparably, and Plaintiff Monster has no adequate remedy at law for those wrongs and injuries.

44. The damage to Plaintiff Monster includes harm to its goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiff Monster is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant Comqi and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the ´565 Patent, including without limitation restraining and enjoining the design, creation, demonstration, use, licensing, support and control of an interactive system including the Comqi technology platform for displaying contents on a geographic location-specific display screen, practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, and the marketing,

licensing, and providing instructions for use of the Comqi technology platform in such system and technical support services provided in conjunction with such system.

45. As a result of the continued infringement of the ´565 Patent by Defendant Comqi, with knowledge of the ´565 Patent, Plaintiff Monster is entitled to an award of compensatory damages in an amount to be determined, but not less than a reasonable royalty of $55,000 for each infringing market category, for up to three market categories, for a total of up to $165,000, increased three times that amount to $495,000 for willfulness, pursuant to 35 U.S.C. § 284.

46. Further, the continued infringement of the ´565 Patent by Defendant Comqi with knowledge of the '565 Patent, constitutes willful infringement, making this an exceptional case under 35 U.S.C. §285, warranting an award of reasonable attorneys' fees to Plaintiff Monster.


**CAUSE OF ACTION FOR INFRINGEMENT OF U.S. PATENT NO. 8,880,649**

47. Plaintiff Monster repeats and realleges the allegations contained in paragraphs 1 through 17 above, as if fully repeated and restated herein.

48. On or about November 4, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,880,649 (the "´649 Patent") for inventions relating to a system and method for automatically obtaining contents and displaying same on location-specific screens, based upon content attributes associated with the display screens.

49. A true copy of the ´649 Patent is attached hereto as **Exhibit "C"**.

50. The ´649 Patent is and remains valid and enforceable.

51. At all relevant times, Plaintiff Monster has been the lawful owner of the ´649 Patent, and has had the right to sue and to recover for any and all infringement(s) of the ´649 Patent.

52. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is directly infringing the ´649 Patent within the United States, within the state of New York and within this judicial district, including without limitation through the design, creation, demonstration, use  and licensing of a technology platform which controls an interactive system for displaying contents on a geographic location-specific display screen, through practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, or by licensing, and providing instructions and technical support services to others to practice such method or a part thereof, or by forming a joint enterprise with others to perform such method or a part thereof, which infringe the ´649 Patent.

53. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is indirectly infringing the Patent by active inducement the ´649 Patent within the United States, within the state of New York and within this judicial district, including without limitation through Defendant Comqi's intent to induce patent infringement by licensees and users of the infringing Comqi technology platform and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.

54. Upon information and belief, Defendant Comqi specifically intended and was aware that the normal and customary use of the Comqi technology platform would infringe the '649

Patent, Defendant Comqi performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '649 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.

55. Upon information and belief, Defendant Comqi provides and has provided the Comqi technology platform that has the capability of being utilized in a manner that infringes one or more claims of the '649 patent, including at least claims 1 and 2, and Defendant Comqi further provides and has provided instructions and technical support services that cause licensees and users of the Comqi technology platform to utilize the Comqi technology platform in a manner that directly infringes one or more claims of the '649 patent. By providing such instructions and technical support services to licensees and users on how to use Comqi technology platform in a manner that directly infringes one or more claims of the '649 patent, including at least Claims 1 and 2, Defendant Comqi specifically intended to induce infringement of the '649 patent.

56. Accordingly, Defendant Comqi has induced and continues to induce licensees and users of the Comqi technology platform to use the Comqi technology platform in their ordinary and customary way to infringe the '649 patent, knowing that such use constitutes infringement of the '649 patent.

57. Upon information and belief, within the six years prior to the filing of this lawsuit, and continuing through the present date, Defendant Comqi has and is indirectly infringing by contributory infringement the ´649 Patent, including without limitation through the demonstration, licensing or use of the Comqi technology platform within the United States and within this judicial district a component of a patented system for use in practicing the

patented method, the Comqi technology platform constituting a material part of the patented invention, knowing the Comqi technology platform to be especially made or especially adapted for use in an infringement of the ´649 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

58. Upon information and belief, Comqi technology platform is a real-time hosted social content aggregation, activation, and visualization technology platform, bringing together social media and content streams from around the Internet and various social media sources.

59. Upon information and belief, Defendant's Comqi technology platform aggregates social content from multiple sources including Twitter, Instagram and others.

60. Upon information and belief, Defendant's Comqi technology platform allows the aforementioned content streams to be moderated, curated, analyzed, and then displayed in venues having digital display screens.

61. Upon information and belief, the features of Defendant's Comqi technology platform includes apps for mobile devices with customizable software for content that can be displayed on digital screens.

62. Upon information and belief, subsequent to the issuance of the ´649 Patent, Defendant Comqi has participated and is participating in advertising campaigns throughout the United States utilizing its Comqi technology platform, those campaigns being associated with numerous retail stores, digital signage applications and other venues, which have infringed and are infringing the ´649 Patent.

63. Upon information and belief, subsequent to the issuance of the ´649 Patent, Defendant Comqi has participated and is participating in promotions within the state of New York

and within this judicial district which utilize a system and method based upon its Comqi technology platform, which have infringed and are infringing the ́649 Patent.

64. Upon information and belief, in the aforementioned promotions in which Defendant Comqi participated and is participating in, the infringing technology platform and method provided by Defendant Comqi did or does cause or provide content for the display of images on at least one display screen which has been and is located within the state of New York and within this judicial district.

65. Upon information and belief, in the aforementioned promotions in which Defendant Comqi participated and is participating in, the infringing Comqi technology platform  and method provided by Defendant Comqi controls an Internet connected system which did and does automatically store in a database at least one selection criterion for contents to be displayed on the one display screen, including information about the at least one selection criterion including information about the specific location of the one display screen.

66. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does include a first server remote from the one display screen, automatically obtaining contents from at least one content server distinct from the first server.

67. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated or is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does use the first server to select a portion of the obtained contents according to the selection criterion in the database.

68. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does use the first server to cause the display of the selected portion, via a computer network, on the one display screen.

69. Upon information and belief, in the aforementioned promotions in which Defendant Comqi has participated and is participating in, the infringing Comqi technology platform and method provided by Defendant Comqi controls an Internet connected system which did and does use a web server to make at least some of the contents available as a web page to computers other than the one display screen.

70. On or about September 2nd 2015, Plaintiff Monster informed Mr. Ifti Ifhar, CEO, and Defendant Comqi, by way of a written communication, of the ´565 Patent and the infringement thereof by Defendant, suggesting that Defendant Comqi consider taking a license under the ´565 Patent; however, Defendant Comqi has thus far not responded to Monster's written communication, or to a follow-up written communication sent on October 8th 2015, and has refused to cease its infringing activities.

71. Upon information and belief, Plaintiff Monster has been and is being damaged by the infringing activities of Defendant Comqi and Defendant Comqi is liable for such damages, in an amount to be determined, but not less than a reasonable royalty of at least $55,000 per event category, for at least three event categories, for a total of up to $165,000.

72. The wrongful acts of Defendant Comqi have damaged and will continue to damage Plaintiff Monster, irreparably, and Plaintiff Monster has no adequate remedy at law for those wrongs and injuries.

73. The damage to Plaintiff Monster includes harm to its goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiff Monster is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant Comqi and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the ´649 Patent, including without limitation restraining and enjoining the design, creation, demonstration, use, licensing  and support of an interactive system including the Comqi technology platform for displaying contents on a geographic location-specific display screen, practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, and the marketing, licensing, and providing instructions for use in such system and technical support services provided in conjunction with such system.

74. As a result of the continued infringement of the ´649 Patent by Defendant Comqi, with knowledge of the ´649 Patent, Plaintiff Monster is entitled to an award of compensatory damages in an amount to be determined, but not less than a reasonable royalty of $55,000 for each infringing event category, for up to three event categories, for a total of up to $165,000, increased three times that amount to $495,000 for willfulness, pursuant to 35 U.S.C. § 284.

75. Further, the continued infringement of the ´649 Patent by Defendant Comqi, with knowledge of the '649 Patent, constitutes willful infringement, making this an exceptional case under 35 U.S.C. §285, warranting an award of reasonable attorneys' fees to Plaintiff Monster.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Monster Patents, LLC prays for judgment against Defendant Comqi Inc. as follows:

1. That U.S. Patent No. 8,615,565 be determined valid and enforceable for its life and duration;

2. That U.S. Patent No. 8,880,649 be determined valid and enforceable for its life and duration;

3. That Defendant Comqi has infringed U.S. Patent No. 8,615,565, and that such infringement has been willful;

4. That Defendant Comqi has infringed U.S. Patent No. 8,880,649, and that such infringement has been willful;

5. That an accounting be had to determine the damages caused Plaintiff Monster Patents, LLC by the infringing activities of Defendant Comqi and that such damages, including damages for lost profits and/or a reasonable royalty in an amount not less than $55,000.00 for each infringing market category, for at least three market categories  in which infringement has taken place, for a total of at least $165,000, which sum should be trebled to $495,000.00 pursuant to 35 U.S.C. §284, with interest thereon, be awarded against Defendant Comqi to Plaintiff Monster Patents, LLC;

6. That Plaintiff Monster Patents, LLC be granted preliminary and permanent injunctive relief restraining and enjoining Defendant Comqi and its agents, servants and employees, licensees and all persons acting thereunder, in concert with, or on its behalf, from infringing U.S. Patent No. 8,615,565 in the United States, including without limitation restraining and enjoining the design, creation, demonstration, use, licensing and support of

a technology platform for use an interactive system for displaying contents on a geographic location-specific display screen, practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, and marketing, offering for sale and selling services provided on such system, which infringe U.S. Patent No. 8,615,565.

7.  That Plaintiff Monster Patents, LLC be granted preliminary and permanent injunctive relief restraining and enjoining Defendant Comqi and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing U.S. Patent No. 8,880,649 in the United States, including without limitation the design, creation demonstration, use, licensing and support of a technology platform for use an interactive system for displaying contents on a geographic location-specific display screen, practicing a computer-implemented method for displaying contents on a geographic location-specific display screen performed on such interactive system, and marketing, offering for sale and selling services provided on such system, which infringe U.S. Patent No. 8,880,649.

8.  That Plaintiff Monster Patents LLC be granted further injunctive relief directing Defendant Comqi to provide Plaintiff Monster Patents, LLC with names and contact information for all persons who purchased, licensed or used the technology platform provided by Defendant Comqi which infringe U.S. Patent No. 8,615,565 or U.S. Patent No. 8,880,649 within the United States, and to notify each such persons that such technology platform has been found to be illegal and infringing;

9.  That Plaintiff Monster Patents, LLC be awarded its attorneys' fees, costs and expenses in this action, pursuant to 35 U.S.C. §285;

10. That Plaintiff Monster Patents, LLC be awarded prejudgment and post-judgment interest
    on all sums awarded to Plaintiff Monster Patents, LLC herein; and

11. That Plaintiff Monster Patents, LLC be awarded such further necessary and proper relief as
    the Court may deem equitable and just.

Dated: March 16, 2016                    EPSTEIN DRANGEL LLP

                                         By:    s/ Robert L. Epstein
                                                Robert L. Epstein (RE 8941)
                                                Jason M. Drangel (JMD 7204)
                                                William C. Wright (WW 2213)
                                                Brian O'Reilly (BO 1229)
                                                60 East 42nd Street, Suite 2520
                                                New York, New York 10165
                                                Telephone: (212) 292 5390
                                                Facsimile: (212) 292 5391

                                                *Attorneys for Plaintiff*

## JURY TRIAL DEMANDED

Plaintiff Monster Patents, LLC hereby demands a trial by jury of all issues so triable.

Dated: March 16, 2016                    EPSTEIN DRANGEL LLP

By:     s/ Robert L. Epstein
        Robert L. Epstein (RE 8941)
        Jason M. Drangel (JMD 7204)
        William C. Wright (WW 2213)
        Brian O'Reilly (BO 1229)
        60 East 42nd Street, Suite 2520
        New York, New York 10165
        Telephone: (212) 292 5390
        Facsimile: (212) 292 5391

        *Attorneys for Plaintiff*